IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MELVIN JOSEPH SIMMONS,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 21-921 C
                                 )     Judge Meyers
THE UNITED STATES,               )
                                 )
          Defendant.             )
                                 )
_____)

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply in support of our motion to dismiss *pro se* plaintiff, Melvin Joseph Simmons's, complaint.

### ARGUMENT

Mr. Simmons raises various challenges to his January 15, 1987 arrest and subsequent state court conviction. Compl. ¶¶ 15-16, Feb. 4, 2021, ECF No. 1.[1] However, as explained in our opening brief, this Court lacks jurisdiction to entertain Mr. Simmons's claims, which (1) are against individuals other than the United States; and (2) are based on non-money mandating constitutional provisions, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), tort law, and criminal law. *See* Defendant's Motion to Dismiss (Def.'s Mot.) at 4-7, Mar. 29, 2021, ECF No. 8.

Mr. Simmons's response to the contrary is not persuasive, because he still fails to allege any claim against the United States that would fall within this Court's jurisdiction. Plaintiff's

---

[1] After commencing this action, Mr. Simmons filed another action in this Court, *Simmons v. United States*, No. 21-1020 C, in which he also alleges that his arrest and subsequent incarceration violated various Constitutional rights. The Court dismissed that action on May 21, 2021, for lack of subject matter jurisdiction. Order, *Simmons v. United States*, No. 21-1020 C, ECF No. 9.

Opposition to Defendant's Motion to Dismiss (Pl.'s Resp.), May 28, 2021, ECF No. 10.  It is

well-settled that this Court lacks jurisdiction over these types of claims.  *See, e.g., Brown v.*

*United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding that "the *Bivens* actions asserted by

appellants lie outside the jurisdiction of the Court of Federal Claims."); *LeBlanc v. United States*,

50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Tucker Act does not grant this Court the

authority to hear every claim involving or invoking the Constitution, only those that "mandate

payment of money by the government"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir.

1994) (The Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever

under the federal criminal code[.]"); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998)

(holding that this Court "does not have jurisdiction over claims that defendant engaged in

negligent, fraudulent, or other wrongful conduct when discharging its official duties"); *United*

*States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the

United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *see*

*also* Def.'s Mot. at 4-7.

    Mr. Simmons nonetheless argues that this Court has jurisdiction over his claims.  It

appears that Mr. Simmons believes that his *Bivens,* constitutional, criminal, and tort claims

somehow fall within the Court's jurisdiction to adjudicate contract disputes.  Pl.'s Mot. at 21.

However, Mr. Simmons does not explain how these non-contract claims could fall within the

Court's jurisdiction.  To the extent Mr. Simmons is inviting the Court to misconstrue his *Bivens*,

constitutional, criminal, and tort claims as contract claims, the Court should decline to do so.

*See, e.g., Cottrell*, 42 Fed. Cl. at 149 ("Even where the claim is framed under non-tort law, the

court lacks jurisdiction if the essence of the claim lies in tort."); *Brown*, 105 F.3d at 623 (refusing

jurisdiction over tax assessment claim because the underlying allegation was fraud).  Moreover,

even if he had a cognizable contract claim, which he does not, it would be procedurally improper

for Mr. Simmons to raise contract claims, which were not included in his complaint, for the first

time in his response to a motion to dismiss.  *See Casa de Cambio Comdiv. S.A. de C.V. v. United*

*States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that claims not raised in plaintiff's

complaint are waived); *S. Comfort Builders, Inc. v. United States*, 67 Fed. Cl. 124, 153 (2005)

("The United States Court of Appeals for the Federal Circuit has stated on numerous occasions

that a plaintiff's failure to raise a claim or argument in its complaint may be deemed as a waiver

of that argument by the plaintiff.").

Thus, Mr. Simmons has failed to establish that this Court has jurisdiction over his claims.

*See Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) ("*Pro se* or not, the plaintiff still has

the burden of establishing by a preponderance of the evidence that this Court has jurisdiction

over its claims.").  "If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action."  RCFC 12(h)(3).

<u>CONCLUSION</u>

For these reasons and those stated in our opening brief, we respectfully request that the

Court dismiss Mr. Simmons's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

s/Claudia Burke
CLAUDIA BURKE
Assistant Director

s/Sarah E. Kramer
SARAH E. KRAMER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0537
Facsimile: (202) 305-2062
Sarah.E.Kramer@usdoj.gov

June 10, 2021                                        *Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 10th day of June, 2021, I caused to

be placed in the United States mail (first-class, postage prepaid), a copy of "Defendant's Reply

in Support of Its Motion to Dismiss" addressed as follows:

MELVIN JOSEPH SIMMONS
CDCR No. D66671
High Desert State Prison
P.O. BOX 3030
Susanville, CA 96127


 s/Sarah E. Kramer
SARAH E. KRAMER